# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

YAJ VANG,

                        Plaintiff,

v.

MARINETTE COUNTY, MARINETTE POLICE DEPARTMENT, and MARINETTE SHERIFF DEPARTMENT,

                        Defendants.

Case No. 23-CV-1265-JPS

**ORDER**

      Plaintiff Vaj Vang, an inmate confined at Chippewa Valley Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On October 26, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $2.57. ECF No. 6. Plaintiff paid that fee on November 20,

2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  SCREENING THE COMPLAINT

    2.1  Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On May 29, 2021, Plaintiff was ticketed and charged in Marinette County Case No. 2021CF222 for felony bail jumping. ECF No. 1 at 3. Plaintiff does not recall how long he spent in Marinette during this incident. *Id.* He was driving on Highway 41 heading north when he crashed and flipped his father's car. *Id.* Plaintiff was taken to the hospital next to the county jail. *Id.* Plaintiff was never arrested during this time. *Id.* Plaintiff woke up at the hospital not knowing his whereabouts or how long he had been there. *Id.* Plaintiff believes he walked out after waking up. *Id.* Plaintiff's mental health was not in the right state of mind. *Id.* Plaintiff thinks he came back approximately one hour or less later to get his personal items. *Id.* A security guard with the hospital told Plaintiff to leave and he did not understand why. Plaintiff was simply trying to receive his property because he cannot see very well without his glasses. *Id.*

After some time, three to four police officers arrived. *Id.* Plaintiff walked away from the hospital and the officers followed him down the street. *Id.* Plaintiff was placed in the back seat of one of the police cars with no cuffs. *Id.* Plaintiff passed out in the back seat; he had not eaten or had anything to drink for an unknown period of time. *Id.* Plaintiff woke up to someone slapping him in the face, but he passed out again. *Id.* The next time Plaintiff woke up he was in the middle of a parking lot, still in his "hospital

blues" at nighttime. *Id.* Plaintiff walked around trying to get a clue of his surroundings. Plaintiff knows Marinette police officers knew who he was because a male officer had previously found him sitting outside a hotel and gave him some food and his tickets for bail jumping. *Id.*

Plaintiff has a limited memory of the incident due to his mental state and lack of food and liquids. *Id.* at 4. Plaintiff believes the Marinette Police Department should have body camera footage of the incident. *Id.* Plaintiff believes it was a violation of his due process rights and inhumane to leave him stranded and unconscious outside in a parking lot. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff may not proceed on a Fourteenth Amendment due process claim. The Supreme Court held in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), that the Due Process Clause of the Fourteenth Amendment generally does not impose upon the state a duty to protect individuals from harm by private actors. *Id.* at 195–96. As an exception to this general rule, the Court noted that the Constitution imposes a duty upon the state to protect individuals with whom it has a "special relationship" by virtue of the state's custody over the individual. *Id.* at 199–200. The courts of appeals also have inferred from *DeShaney* that the substantive component of the Due Process Clause imposes upon the state a duty to protect individuals against dangers the state itself creates under the state-created danger doctrine. *See, e.g., Monfils v. Taylor,* 165 F.3d 511, 516 (7th Cir.1998).

The Seventh Circuit in *King ex rel. King v. East St. Louis School District 189*, 496 F.3d 812, 817 (7th Cir. 2007), stated that "the following three principles . . . must govern our analysis" of the state-created danger doctrine:

> First, in order for the Due Process Clause to impose upon a state the duty to protect its citizens, the state, by its affirmative acts, must create or increase a danger faced by an individual. Second, the failure on the part of the state to protect an individual from such a danger must be the proximate cause of the injury to the individual. Third, because the right to protection against state-created dangers is derived from the substantive component of the Due Process Clause, the state's failure to protect the individual must shock the conscience.

*Id.* at 817–18 (citations omitted). The Seventh Circuit has also said that cases addressing this issue "suggest that the key question in determining whether state behavior violated the victim's constitutional rights is: 'What actions did [the state actor] affirmatively take, and what dangers would [the victim] otherwise have faced?'" *Windle v. City of Marion, Ind.*, 321 F.3d 658, 661 (7th Cir. 2003) (quoting *Monfils*, 165 F.3d at 517). Furthermore, "cases in which we have either found or suggested that liability attaches under the 'state-created danger' exception are rare and often egregious." *Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1022 (7th Cir. 2003).

Here, Plaintiff's allegations fail on the second prong because he has alleged no injury as a result of the police officers leaving him in the parking lot. Given this, the Court is unable to find that the officers' failure to protect him was the proximate cause of any injury. The Court will accordingly not allow Plaintiff to proceed on a due process claim.

Second, the court finds that the allegations regarding Plaintiff entering the police car are too vague to state a claim for unlawful seizure. The Fourth Amendment protects people from unreasonable searches and seizures. Stopping someone is generally considered a seizure and ordinarily requires probable cause to be reasonable. *See Dunaway v. New York*, 442 U.S. 200, 213 (1979). In *Terry v. Ohio*, the Supreme Court

Page 5 of 10
Case 2:23-cv-01265-JPS   Filed 01/17/24   Page 5 of 10   Document 7

recognized an exception to the probable-cause requirement. 392 U.S. 1 (1968). "Under *Terry*, police officers may briefly detain a person for investigatory purposes based on the less exacting standard of reasonable suspicion that criminal activity is afoot." *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020) (citing *Terry*, 392 U.S. at 21–22). Reasonable suspicion is a lower standard than probable cause. *See Navarette v. California*, 572 U.S. 393, 397 (2014). It is a "commonsense, nontechnical [standard] that deal[s] with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Ornelas v. United States*, 517 U.S. 690, 695 (1996) (citation omitted). It is judged holistically, based on "the sum of all of the information known to officers at the time of the stop." *See Matz v. Klotka*, 769 F.3d 517, 523 (7th Cir. 2014).

A *Terry* stop comes with limits. For a stop to "pass constitutional muster, the investigation following it must be reasonably related in scope and duration to the circumstances that justified the stop in the first instance so that it is a minimal intrusion on the individual's Fourth Amendment interests." *United States v. Robinson*, 30 F.3d 774, 784 (7th Cir. 1994). This means a *Terry* stop cannot continue indefinitely. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985). A stop lasting too long becomes "a de facto arrest that must be based on probable cause." *United States v. Bullock*, 632 F.3d 1004, 1015 (7th Cir. 2011). One of three things must happen during a *Terry* stop: "(1) the police gather enough information to develop probable cause and allow for continued detention; (2) the suspicions of the police are dispelled and they release the suspect; or (3) the suspicions of the police are *not* dispelled, yet the officers have not developed probable cause but must release the suspect because the length of the stop is about to become

unreasonable." *United States v. Leo*, 792 F.3d 742, 751 (7th Cir. 2015) (citations omitted).

Whether a *Terry* stop becomes unreasonably prolonged turns on the direction the Supreme Court provided in *United States v. Place,* 462 U.S. 696 (1983) and *United States v. Sharpe*, 470 U.S. 675 (1985). In *Place*, the Court declined to adopt any bright-line time limit. *See* 462 U.S. at 709. "Such a limit," the Court explained, "would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." *Id.* at 709 n.10. Two years after *Place* rejected a "hard-and-fast time limit," the Court decided *Sharpe* and explained that when analyzing whether a *Terry* stop has exceeded a reasonable duration, courts should "examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Sharpe*, 470 U.S. at 686 (citing *Place,* 462 U.S. at 709).

Here, Plaintiff's complaint contains little to no detail regarding his initial interaction with police after leaving the hospital. It is unclear if Plaintiff voluntarily entered the police car for a ride or other assistance or whether the officers forced him into the car. It is also unclear how long any questioning, if any, took place. As such, the Court finds that Plaintiff cannot proceed on a claim for illegal seizure.

The Court will allow Plaintiff the opportunity to file an amended complaint to cure the deficiencies identified in this Order. Plaintiff may file an amended complaint on or before **February 8, 2024.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did

each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

Page 8 of 10
Case 2:23-cv-01265-JPS   Filed 01/17/24   Page 8 of 10   Document 7

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **February 8, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $347.43 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.